# EXHIBIT "A"

FILED 4/8/2022 12:37 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

22CV3737

Akeisha Marshall and

Darquisha Lovelace

_____

Plaintiff

Case No.: _____

VS

DriveTime Car Sales Company, LLC,

DriveTime Automotive Group, INC.,

CorVel Corporation

Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___8th___ day of ___April___, 20_22_.

Honorable Debra DeBerry
Clerk of Superior Court
/s/ Denise Ingram
By_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 4/8/2022 12:37 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Akeisha Marshall and Darquisha Lovelace, ) | |
| ) | |
| Plaintiffs, ) | Civil Action File No. |
| ) | 22CV3737 |
| v. ) | |
| ) | Jury Trial Demanded |
| DriveTime Car Sales Company, L.L.C., ) | |
| DriveTime Automotive Group, Inc., CorVel ) | |
| Corporation, and Does 1-10, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff in the above-styled action and show the Court the following:

**Parties, Jurisdiction, and Venue**

1.

Plaintiffs Akeisha Marshall and Darquisha Lovelace are residents of the State of Georgia and subject to the jurisdiction of this Court.

2.

Defendant DriveTime Car Sales Company, L.L.C., is a foreign corporation existing under the laws of Arizona with its principal place of business in Arizona and may be served through its registered agent Corporation Services Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

3.

Defendant DriveTime Automotive Group, Inc., is a foreign corporation existing under the laws of Arizona with its principal place of business in Arizona and may be served through its registered agent Corporation Services Company at 8825 N 23rd Ave., Suite 100, Phoenix, AZ 86021.

4.

Defendants DriveTime Automotive Group, Inc., and Drivetime Car Sales Company, LLC, are herein referred to as Defendant DriveTime.

5.

Defendant CorVel Corporation ("Corvel") is a foreign corporation existing under the laws of California with its principal place of business in California and may be served through its registered agent Corporation Services Company at 1900 W. Littleton Boulevard, Littleton, CO 80120 United States.

6.

Defendant Jane Doe ("Jane Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of her employment with or under agency of Defendant DriveTime at the subject location where Plaintiffs sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs' damages.

7.

Defendants are subject to the jurisdiction of this Court.

8.

Venue is proper in this Court as to Defendants.

9.

11.

The automobile crash that is the subject of this lawsuit occurred in Dekalb County, Georgia.

12.

Subject matter jurisdiction is proper in the Court as to Defendants.

13.

At all material times, Defendant Jane Doe was an employee and/or agent of Defendant DriveTime and was operating within the course and scope of her relationship with Defendant DriveTime, the principal.

14.

The acts and omissions of Defendant Jane Doe as the employee and/or agent of Defendant DriveTime are imputed to DriveTime as a matter of law.

15.

Defendants are jointly and severally liable for the acts and omissions alleged in this Complaint.

**Background**

16.

On March 5, 2020, Plaintiffs arrived at a DriveTime dealership located at 5554 Memorial Dr., Stone Mountain, GA 30083 in Dekalb County, with the intention of purchasing a vehicle.

17.

Defendant Jane Doe offered to take Plaintiffs on a test drive of a vehicle they were considering purchasing and they took Defendant Jane Doe up on the offer.

18.

Defendant Jane Doe drove the vehicle with Plaintiffs as passengers. While Defendant Jane Doe began to drive the vehicle out of the lot, she noticed a light on in the vehicle. Defendant Jane Doe was unable to identify why the light was on and decided to return the car to the lot.

19.

Defendant Jane Doe abruptly reversed the vehicle and slammed into the vehicle behind her. Plaintiffs were violently thrashed back and forth and as a result Plaintiffs were severely injured.

20.

Upon exiting the vehicle Plaintiffs vocalized their desire to call officers to the scene. The manager of the Defendant DriveTime's dealership approached Plaintiffs, inquired on how they were feeling and told them there was no need to call the authorities and that Defendant DriveTime would

be covering all their medical expenses and bills related to the incident. Defendant DriveTime has failed to follow through on this promise.

21.

Defendant Jane Doe was negligent in the operation and use of the motor vehicle she was driving.

22.

As a direct and proximate result of the negligence of Defendant Jane Doe, which acting within the scope of her employment and/or agency of Defendant DriveTime, Plaintiffs were injured.

### Count 1 - Negligence

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

The collision was directly and proximately caused by the negligence of Defendants.

25.

The collision was directly and proximately caused by Defendants' negligence in failing to operate the vehicle with ordinary care for the safety of others.

26.

The collision was directly and proximately caused by Defendants' negligence in operating the vehicle in reckless disregard for the safety of persons or property.

27.

Defendants' actions constituted negligence *per se* with regard to applicable laws and standards including, but not limited to:

*(a) backing a vehicle unsafely and interfering with other traffic in doing so.*

28.

Defendant Jane Doe was determined to be at fault for violating O.C.G.A. § 40-06-240.

29.

Defendant Jane Doe was negligent in failing to maintain a proper lookout for other vehicles on the road colliding with the vehicle behind her.

30.

Defendant Jane Doe's negligence is the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

### Count 2 – Imputed Liability

31.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

At the time of the subject collision, Defendant Jane Doe was under dispatch for Defendant Drivetime.

33.

At the time of the subject collision, Defendant Jane Doe was operating a vehicle on behalf of Defendant DriveTime.

34.

Defendant DriveTime is responsible for the actions of Defendant Jane Doe in regard to the collision described in this Complaint as a matter of law.

### Count 3 - Negligent Hiring, Training & Supervision

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

36.

Defendant DriveTime was negligent in hiring Defendant Jane Doe and entrusting her to drive a vehicle.

37.

Defendant DriveTime was negligent in failing to properly train Defendant Jane Doe.

38.

Defendant DriveTime was negligent in failing to properly supervise Defendant Jane Doe.

39.

Defendant DriveTime was negligent in failing to discharge Defendant Jane Doe before the collision.

40.

Defendant DriveTime was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to the Plaintiffs.

41.

It was foreseeable to Defendant DriveTime that its negligence in hiring Defendant Jane Doe, retaining her, entrusting her with driving a vehicle, and failing to train and supervise her would cause injuries and damages to others, including Plaintiff.

42.

Defendant DriveTime's negligence in hiring Defendant Jane Doe retaining her, entrusting her with driving a vehicle, and failing to train and supervise her properly directly and proximately caused Plaintiffs' damages.

### Count 4 - Damages

43.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 42 above, as if fully restated herein.

44.

Plaintiffs' injuries and damages resulting from the collision were directly and proximately caused by the negligence of Defendants.

45.

Plaintiffs were physically injured and have experienced physical and emotional pain and suffering as a direct and proximate result of the collision.

46.

In the future, it is likely Plaintiffs will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the collision.

47.

In the future, it is likely Plaintiffs will continue to need medical treatment as a direct and proximate result of the collision.

48.

Plaintiffs experienced and will continue to experience pain and suffering as a direct and proximate result of the collision.

49.

As a result of Defendants' negligence, Plaintiffs have incurred reasonable, necessary, and continuing medical expenses, exceeding $172,000, and will continue to incur expenses in the future, in an amount to be proven at trial.

50.

Plaintiffs are entitled to recover for their injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Economic losses;

h) Incidental expenses;

i) Past, present and future medical expenses, likely exceeding $[amount];

j) Lost earnings;

k) Loss of earning capacity;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

### Count 6 - Punitive Damages

51.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 50 above as if fully restated.

52.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

53.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expenses. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

a. Process issue as provided by law;

b. Plaintiffs have a trial by jury against Defendants;

c. Judgment be awarded to Plaintiffs and against Defendants;

d. That Plaintiffs recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d. That Plaintiffs recover such other and further relief as is just and proper.

This 4 day of March, 2021.

/s/ Ramin Kermani-Nejad, Esq.
Ramin Kermani-Nejad, Esq.
Georgia Bar No. 669698
Attorney for Plaintiff

KERMANI FIRM, LLC
1718 Peachtree St NW, Suite 489
Atlanta, GA 30309

FILED 4/8/2022 12:37 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of _____DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed 4/8/2022 MM-DD-YYYY | Case Number 22CV3737 |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Marshall | Akeisha | | | |
| Lovelace | Darquisha | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| DriveTime Car Sales Company, LLC | | | | |
| DriveTime Automotive Group, Inc. | | | | |
| CorVel Corporation | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney __Ramin Kermani-Nejad__ State Bar Number __669698__ Self-Represented ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20